## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:19-cv-23934-GAYLES/REID

**MICHAEL MCGEE**,

      Petitioner,

v.

**MARK INCH,**
**Secretary of the Department of Corrections**,

      Respondent.

_____/

### <u>ORDER</u>

      **THIS CAUSE** comes before the Court on Petitioner Michael McGee's *pro se* Petition for

Writ of Habeas Corpus (the "Petition") brought pursuant to 28 U.S.C. § 2254 [ECF No. 1].[1]

Pursuant to the Rules Governing Section 2254 Proceedings, the Court "must promptly examine"

the Petition upon receipt from the Clerk of Court. Rules Governing Section 2254 Proceedings, R.

4. The Court has reviewed the Petition and the record and is otherwise full advised. For the reasons

that follow, the Petition is denied.

### BACKGROUND

      Petitioner Michael McGee is currently incarcerated at Sumter Correctional Institution in

Bushnell, Florida, and serving a term of imprisonment pursuant to his jury conviction of two counts

of sexual battery in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida in

Case No. F11-1911. [ECF No. 1 at 1].

---

[1] The Court liberally construes the claims in the Petition because Petitioner proceeds *pro se*. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) ("[Courts] liberally construe *pro se* filings . . . ." (citation omitted)).

In this federal habeas matter, Petitioner challenges the constitutionality of his state court conviction, claiming that: (1) he received ineffective assistance of counsel; (2) his right to due process was violated when he was denied counsel for an evidentiary hearing in his state court collateral challenge; (3) the prosecution committed discovery violations; (4) the state court was prejudiced and biased against him; and (5) the state court erred in admitting *Williams*[2] Rule evidence against him, and that his counsel was ineffective for failing to challenge its use. [ECF No. 1 at 5, 7, 8, 10, 12].

On November 25, 2019, Respondent filed a Response in opposition to the Petition. [ECF No. 11]. Respondent argues that while Claims 1, 2, 3, and 5 are timely and properly exhausted, they should be denied on the merits. *Id.* Respondent also argues that Claim 4 should be dismissed because Petitioner never filed an appeal of the claim in state court, and it is thus procedurally defaulted. *Id.* On January 7, 2020, Petitioner filed his Reply. [ECF No. 21].

## LEGAL STANDARD

This Court may only entertain a petition for writ of habeas corpus from a "person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, a federal habeas petition may not be granted unless "the applicant has exhausted the remedies available" in state court prior to filing the federal habeas petition. 28 U.S.C. § 2254(b). Even then, "the availability of federal habeas relief is limited with respect to claims previously 'adjudicated on the merits' in state-court proceedings." *Harrington v. Richter*, 562 U.S. 86, 91 (2011) (discussing 28 U.S.C. § 2254(d)). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (2)." *Id.* at 98. As for the state

---

[2] *Williams v. State*, 110 So. 2d 654 (Fla. 2002).

2

court's factual findings, they "shall be presumed to be correct" and a petitioner seeking to rebut this presumption must do so "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Prevatte v. French*, 547 F.3d 1300, 1302 (11th Cir. 2008).

Under § 2254(d), the Court may grant habeas relief from the state court judgment only if the state court's decision on the merits of the federal claim was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented" in the state court proceeding. 28 U.S.C. § 2254(d). The burden of proof lies with the petitioner, who must show entitlement to relief. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam)).

"A decision is 'contrary to' clearly established federal law if the state court applied a rule that contradicts governing Supreme Court precedent, or if it reached a different conclusion than the Supreme Court did in a case involving materially indistinguishable facts." *James v. Warden*, 957 F.3d 1184, 1190 (11th Cir. 2020) (citing *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). "A state court decision involves an 'unreasonable application' of clearly established federal law if the court identifies the correct legal principle but applies it unreasonably to the facts before it." *Id.* (citing *Williams*, 529 U.S. at 412–13). "Deciding whether a state court's decision involved an unreasonable application of federal law . . . requires the federal habeas court to train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims, . . . and to give appropriate deference to that decision . . . ." *Wilson v. Sellers*, 138 S. Ct. 1188, 1191–92 (2018) (quotation marks and citations omitted). This standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt . . . ." *Cullen*, 563 U.S. at 181 (quoting *Woodford*, 537 U.S. at 24).

"The question under AEDPA [Antiterrorism and Effective Death Penalty Act of 1996] is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *James*, 957 F.3d at 1190–91 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "A state court's application of clearly established federal law or its determination of the facts is unreasonable only if no 'fairminded jurist' could agree with the state court's determination or conclusion." *Id*. at 1191 (internal citations omitted) (quoting *McNabb v. Comm'r Ala. Dep't of Corr.*, 727 F.3d 1334, 1339 (11th Cir. 2013)).

## DISCUSSION

### I.      Analysis of Petitioner's Claims

#### A.      Claim 1: Ineffective Assistance of Counsel

Liberally construed, Petitioner argues in Claim 1 that he received ineffective assistance of counsel when his attorney: (1) failed to investigate potential defense evidence and eyewitnesses; (2) did not present evidence Petitioner gave him; (3) did not present defense eyewitnesses at trial; (4) failed to impeach state witnesses; and (5) "committed perjury at 3 hearings." [ECF No. 1 at 5]. Whether the Court treats Claim 1 as a single ineffective assistance of counsel claim or as five separate, but related, subclaims, it should be denied.

As stated above, this Court may grant relief from the state court judgment only if the state court's denial of his ineffective assistance of counsel claims were: (1) "contrary to, or involved an unreasonable application of, clearly established federal law;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). As for the state court's factual determinations, they "shall be presumed to be correct" and Petitioner has the burden

to rebut this presumption of correctness "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Here, even liberally construed, Petitioner does not provide any argument as to how the state court's decisions denying his ineffective assistance of counsel claims were contrary to clearly established federal law or an unreasonable determination of the facts. Further, Petitioner does nothing to rebut the presumption of correctness of the state court's factual findings. On this basis alone, his claims should be denied. In his Reply, Petitioner attempts to remedy these deficiencies by stating the Court "only needs to view [Respondent's Exhibit N, which is Petitioner's Fla. R. Crim. P. 3.850 motion] to get a complete view of the totality of facts and details of these grounds." [ECF No. 21 at 2]. However, this is insufficient to meet Petitioner's burden to prove that the state court's decision denying his Fla. Crim. P. 3.850 motion was an unreasonable application of federal law or an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d). Here, Petitioner does neither, only stating in conclusory fashion that the state court's determination at the evidentiary hearing that his attorney's testimony was more credible than Petitioner's testimony was incorrect. [ECF No. 21 at 2]. This deficiency is fatal to Petitioner's claim because the standard under § 2254(d) "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *James*, 957 F.3d at 1190–91 (quoting *Schriro*, 550 U.S. at 474).

Furthermore, if Petitioner seeks to challenge the state court's credibility determinations, he must rebut the presumption of correctness of those findings by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Petitioner does nothing to meet this substantially higher threshold required by § 2254(d), nor does he provide clear and convincing evidence to rebut the presumption of correctness in the state court's factual determinations. Even looking to the merits *de novo*,

5

Petitioner's claim should be denied because he fails to demonstrate that both: (1) his counsel's performance was deficient; and (2) there is a reasonable probability that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 686–87 (1984).[3] In order to satisfy the prejudice requirement, Petitioner must show a reasonable probability that but for his counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694. The Petition does not discuss either of the required *Strickland* prongs, and all of Petitioner's allegations are at best bare and conclusory, which is insufficient to satisfy *Strickland*. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012).

For example, Petitioner does not identify any of the evidence or witnesses that his counsel should have called, nor does he indicate whether they were available to testify at trial, what they would have testified to, and how counsel's failure to present them at trial prejudiced his defense. All of these are crucial deficiencies. *See Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010); *see also Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009); *Reed v. Sec'y, Fla. Dep't of Corr.*, 767 F.3d 1252, 1262 (11th Cir. 2014) (failing to show an uncalled witness was available to testify at trial failed to satisfy prejudice prong of *Strickland*). Similarly, Petitioner fails to discuss what state witnesses should have been impeached, the basis for impeachment, and how counsel's failure to do so prejudiced the defense.

Finally, Petitioner's allegations that his counsel committed perjury are also bare and conclusory, and it is not clear how they would affect the constitutionality of Petitioner's state court criminal conviction. Liberally construing this claim to state that his counsel committed perjury at the evidentiary hearing, this claim should be denied nonetheless because his counsel's testimony

---

[3] If a movant cannot meet one of *Strickland*'s prongs, the Court need not address the other prong. *See, e.g.*, *Dingle v. Sec'y, Fla. Dep't of Corr.*, 480 F.3d 1092, 1100 (11th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)).

at a collateral post-conviction evidentiary hearing is unrelated to his counsel's effectiveness at trial, which had already been completed by that time.

### B.    Claim 2: Due Process at the Evidentiary Hearing

Liberally construing Claim 2, Petitioner argues his due process rights were denied during his evidentiary hearing as a result of his court-appointed counsel being terminated before the hearing. [ECF No. 1 at 7]. Specifically, Petitioner alleges that after his previously retained counsel withdrew from his collateral challenge, a public defender was appointed to assist him in anticipation of a December 22, 2017 evidentiary hearing. [ECF No. 21 at 3–5]. At a December 6, 2017 hearing, and without his attorney present, Petitioner alleges that the prosecutor lied and convinced the state court judge to deem Petitioner ineligible for counsel, terminating the appointment of the public defender. *Id.* The Court finds that Petitioner's claim should be denied because it is legally baseless and factually inaccurate.

According to the parties and the record in Petitioner's state court case, a public defender was appointed to represent Petitioner on October 26, 2017. When counsel was appointed, Petitioner had already filed his *pro se* motion pursuant to Fla. R. Crim. P. 3.850, and all that was left was to prepare for the hearing. Depositions by counsel were conducted and discovery exchanged between the parties' counsel in preparation of the hearing. Between October 26, 2017 and December 6, 2017, Petitioner's appointed counsel became ill and was unable to personally attend the December 6, 2017 hearing. [ECF No. 12-4 at 2–18]. In his counsel's place, a different public defender represented Petitioner at the hearing. *Id.* At the hearing, the prosecutor represented to the state court judge that a question remained as to whether Petitioner was entitled to a public defender at the December 22, 2017 evidentiary hearing because a different judge unfamiliar with the case granted the appointment. *Id.* at 4. The prosecution, public defender, and Petitioner himself

7

all presented arguments to the state court judge, and the state court judge concluded that Petitioner was not entitled to post-conviction counsel for his evidentiary hearing based on the factors required by *Graham v. State*, 372 So. 2d 1363, 1366 (Fla. 1979). [ECF No. 12-4 at 16–17]. The state court judge determined that the evidentiary hearing would likely result in a credibility determination between Petitioner and his trial counsel and that the legal issues were not complex enough to warrant counsel. *Id.*

As a threshold matter, there is no constitutional right to counsel in collateral and post-conviction proceedings in state court. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *see also Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 944 (11th Cir. 2014). A criminal defendant's Sixth Amendment right to counsel only applies at "critical stages" of the proceedings, and Petitioner's post-conviction evidentiary hearing is not a critical stage because it was a collateral challenge to his conviction, not a direct appeal. *See United States v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009). Moreover, Petitioner's reliance on *United States v. Roy*, 855 F.3d 1133 (11th Cir. 2017), to support his position is misplaced. [ECF No. 21 at 5]. *Roy* is not applicable to Petitioner's case because *Roy* dealt with a defendant's right to counsel during a trial, not a post-conviction evidentiary hearing in state court.

Petitioner's claim under the Fifth and Fourteenth Amendments similarly fail. The Fifth Amendment requires "counsel to be appointed whenever 'fundamental fairness' would demand it." *Webb*, 565 F.3d at 794 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). Here, Petitioner was originally appointed counsel after his privately retained counsel withdrew from his case, only to later have his appointed counsel removed by the state court. Petitioner argues that "[o]nce the state court granted Petitioner's motion to appoint post-conviction counsel, it invoked the United States Constitutional rights and laws Petitioner was entitled to." [ECF No. 21 at 4]. Petitioner

further argues that the Florida Supreme Court held that due process considerations dictate that the discharge of appointed counsel should not work to the detriment of an indigent defendant. *Id.* at 6 (quoting *State v. Ull*, 642 So. 2d 721 (Fla. 1994)). However, the Florida Supreme Court in *Ull* held that counsel may be discharged when the court "allow[s] the defendant a reasonable time to obtain private counsel or, where the defendant so elects, a reasonable time to prepare his or her own defense." *Ull*, 642 So. 2d at 724. The Florida Supreme Court in *Ull* also held that to block the discharge of counsel, the defendant must make a "showing that he or she will be substantially disadvantaged by loss of counsel." *Id.*

At Petitioner's December 6, 2017 hearing where his public defender was discharged, Petitioner was both represented by counsel and directly made arguments to the state court. The state court judge considered the factors outlined in *Graham* and determined that Petitioner was not eligible for counsel because the remaining issues for the evidentiary hearing were not complex and would likely come down to a credibility determination. Although Petitioner filed his motion *pro se*, he was represented by counsel during critical stages, including discovery and depositions. On appeal, the state appellate court affirmed the lower court's revocation of the appointment of counsel.

A federal court may only grant habeas relief on a federal claim. Despite couching this claim as a federal due process claim, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner points to no United States Supreme Court decision that states that Petitioner is entitled to counsel for his post-conviction evidentiary hearing; nor does he point to any United States Supreme Court precedent that holds that once counsel is appointed, it cannot be revoked. Petitioner's reliance on *Ull* is misplaced because it is not a United States Supreme Court decision;

and it is not clear whether the Florida Supreme Court's opinion in *Ull* is based on Florida law or clearly established federal law as determined by the United States Supreme Court. Thus, it is not applicable. Because Petitioner fails to meet his burden to show that the state court's decision was an unreasonable determination of the facts or contrary to clearly established United States Supreme Court precedent pursuant to 28 U.S.C. § 2254(d), the Petition must also be denied on this basis.

### C.      Claim 3: Discovery Violations

Claim 3 may be liberally construed to allege that the prosecution improperly denied Petitioner discovery. However, it is not clear whether Petitioner is referring to discovery for trial or his post-conviction evidentiary hearing. [ECF No. 1 at 8]. Respondent appears to concede that a discovery violation took place prior to trial but does not address the post-conviction evidentiary hearing. [ECF No. 11 at 30]. Respondent argues, however, that Petitioner's claim should be denied because any discovery violation was disclosed prior to trial and did not constitute a denial of "fundamental fairness" because it was not significant or material in the conviction. *Id.* at 30. The Court agrees.

If Petitioner's claim is based on a pre-trial discovery violation, this claim would be procedurally defaulted because it was not raised on direct appeal in the state court case. *See Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). To overcome this procedural default, Petitioner must show both "cause" for the default and "actual prejudice" from the alleged error. *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). If he cannot show cause and actual prejudice, the "miscarriage of justice" exception requires a showing that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Here, Petitioner does not discuss cause or prejudice. Instead, Petitioner states that this issue was raised in a motion for rehearing on his Fla. R. Crim. P. 3.850 motion. [ECF No. 1 at 9]. This suggests that Petitioner's claim is based on a discovery violation related to his post-conviction collateral evidentiary hearing. If so, this claim should still be denied. Assuming this issue is not procedurally defaulted as a result of Petitioner's motion for rehearing, it is his burden to show that the state court's decision regarding discovery for his 3.850 collateral proceedings was "contrary to, or involved an unreasonable application of, clearly established federal law," or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). However, the United States Supreme Court has held that "[t]here is no general constitutional right to discovery in a criminal case . . . ." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (quoting *Wardius v. Oregon*, 412 U.S. 470, 474 (1973)). Further, Petitioner has not shown that any discovery violation related to his collateral evidentiary hearing is material to his conviction.

In his Reply, Petitioner avoids this issue and argues that "[t]he discovery violation prejudiced Petitioner tremendously for the 3.850 hearing" because "Petitioner was forced into the hearing without discovery or defense witnesses." [ECF No. 21 at 20]. Petitioner further asserts that "[i]f it was a discovery violation when Scott Miller was the attorney then it is a discovery violation with pro se Petitioner when the state refused to disclose and furnish this same evidence to Petitioner." *Id.* at 21. Petitioner's argument is insufficient because it is conclusory in nature and does not identify a United States Supreme Court case that states that he has a federal constitutional right to discovery in a state court postconviction proceeding. Accordingly, Claim 3 is denied.

### D.     Claim 4: Judicial Bias and Prejudice

In Claim 4, Petitioner asserts that the state court judge was biased and prejudicially denied his 3.850 motion and his motion to recuse. [ECF No. 1 at 10].  Petitioner argues that the state court

11

judge denied his 3.850 motion "due to his personal biased disbelief in [Petitioner's] facts and evidence[] submitted to the court" and that the state court judge "ignored court transcripts, documents and the impeachment evidence[] within" his motion. *Id.* This claim can be liberally construed as either a challenge to the factual determinations made by the state court judge in Petitioner's 3.850 motion, pursuant to 28 U.S.C. § 2254(e), or as a federal due process claim. In both cases, Petitioner's claim should be denied.

Generally, the state court judge's factual findings at the evidentiary hearing "shall be presumed to be correct" and Petitioner must rebut this presumption by "clear and convincing evidence." *See Prevatte*, 547 F.3d at 1302 (quoting 28 U.S.C. § 2254(e)(1)). Here, Petitioner only provides vague and conclusory statements that the state court judge "gives his personal opinion and appraisal of" Petitioner's trial attorney, and that the state court judge was "praising" his trial attorney. [ECF No. 1 at 10]. This is not "clear and convincing evidence" to rebut the presumption of correctness of the state court's determination and is not indicative of judicial bias.

Nor do Petitioner's more specific allegations in his Reply satisfy his burden. Petitioner points to a portion of the transcript where the state court judge says Petitioner is "fortunate in that he has a very good experienced attorney representing him to give good advice." [ECF No. 21 at 2]. He also points to another portion of the transcript where the state court judge states that any blame on defense counsel would be "misplaced." *Id.* at 3. However, these statements do not provide clear and convincing evidence of bias.

The state court record provides an ample basis for the state court judge's credibility determinations. In the order denying Petitioner's 3.850 post-conviction motion, the state court judge found that Petitioner had a "complete and utter lack of believability" when testifying, due in large part to Petitioner's "preposterous" claims. [ECF No. 12-1 at 161–62]. In support of his post-

conviction motion, Petitioner argued that he had a consensual relationship with the victim and claimed for the first time that: (1) he gave his attorney a sex tape of him and the victim, but that it was never used at trial; (2) during the pendency of his criminal case and while Petitioner was on bail, the victim raped Petitioner while they traveled to Europe;[4] (3) police caught Petitioner and the victim having consensual sex on a public beach in Miami; and (4) Petitioner and the victim were seen being intimate together in the courtroom during one of Petitioner's pretrial proceedings, and they were admonished by a state court judge. However, Petitioner did not provide evidence to support these allegations in the state court proceedings and does not do so now. The state court judge's determination that Petitioner's testimony and allegations were completely unbelievable is presumed to be correct pursuant to § 2254(e), and Petitioner has done nothing to rebut this by clear and convincing evidence.

Further, even liberally construing this as a federal due process claim, Petitioner would still fail. Federal habeas review of such a claim looks only to "whether the [state court's] rejection of [the Petitioner's] federal constitutional due process claim constituted an 'unreasonable application' of clearly established federal law as determined by the Supreme Court's precedent" at the time of the rejection. *Davis v. Jones*, 506 F.3d 1325, 1333 (11th Cir. 2007); *see also* 28 U.S.C. § 2254(d). Here, Petitioner provides no reasoning why the state court's rejection of his claims violated his due process rights pursuant to any United States Supreme Court precedent. Moreover, the United States Supreme Court has cautioned that "not all questions of judicial qualification . . . involve constitutional validity. Thus matters of kinship, personal bias, state policy, [and] remoteness of interest[] would seem generally to be matters merely of legislative discretion." *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 820 (1986) (internal quotation marks and citation

---

[4] According to Petitioner, he reported the incident to the authorities and the Florida Bar but thereafter failed to mention it until his post-conviction evidentiary hearing because he forgot about it.

omitted) (quoting *Tumey v. Ohio*, 273 U.S. 510, 523 (1927)); *see also FTC v. Cement Inst.*, 333 U.S. 683, 702 (1948) ("[M]ost matters relating to judicial disqualification [do] not rise to a constitutional level." (citation omitted)). The Eleventh Circuit has also "rejected the claim" that "an appearance of bias violates the Due Process Clause." *Davis*, 506 F.3d at 1334–35 (citations omitted). Because Petitioner does not point to any United States Supreme Court precedent that contradicts the state court judge's rejection of his claims, Petitioner fails to meet his burden to show that the decision was an unreasonable application of clearly established federal law under § 2254(d). Therefore, Claim 4 must also be denied.[5]

### E.      Claim 5: *Williams* Rule Violations

Claim 5 of the Petition concerns the admission of *Williams* Rule evidence during Petitioner's trial. In *Williams v. State*, the Florida Supreme Court held that evidence of prior bad acts is admissible as proof of motive, intent, plan, knowledge, identity, or absence of mistake, and inadmissible when offered solely to prove bad character or propensity. 110 So. 2d 654, 658–63 (Fla. 1959). Petitioner argues that the state court "introduced prior bad act evidence . . . that was not clear and convincing" and alternatively that his counsel was ineffective in challenging the admission of such evidence. [ECF No. 1 at 12–13]. While this claim can be construed in several ways, Petitioner is not entitled to relief under any theory.

First, to the extent Petitioner now challenges the application of the *Williams* Rule, his argument is misplaced because the *Williams* Rule is a state court evidentiary rule not governed by the Constitution or laws of the United States. *See* 28 U.S.C. § 2254(a). And to the extent that Petitioner challenges the admission of *Williams* Rule evidence based on due process grounds,

---

[5] The Court briefly notes that to the extent that Petitioner may seek to raise any federal recusal statute or federal canon of ethics, which he does not appear to do, those do not apply to state court judges. *See Davis*, 506 F.3d at 1332. Moreover, those are not cognizable in a federal habeas matter because it would not implicate a federal issue. *See id.* (citing *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983)).

Petitioner points to no decision from the United States Supreme Court showing that the use of such evidence is unconstitutional.

Petitioner also argues that his trial counsel was deficient during the *Williams* Rule hearing because he did not present witnesses and evidence to impeach the state's witnesses. [ECF No. 1 at 12]. This is factually inaccurate as Petitioner's counsel did challenge the admission of that evidence. Petitioner's trial counsel cannot be deficient for doing exactly what Petitioner wants. Ultimately, Petitioner does not provide any legal authority to show that the state court's determination of his ineffective assistance of counsel claim was unreasonable based on federal law or the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d). Thus, because Petitioner fails to meet his *prima facie* burden, Claim 5 is also denied.

## II.   Certificate of Appealability

A habeas petitioner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal and must obtain a certificate of appealability to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). A district court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration of the record, the Court shall not issue a certificate of appealability because no reasonable jurists would find the assessment of the claims debatable or wrong.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Petitioner Michael McGee's *pro se* Petition for Writ of Habeas Corpus, [ECF No.

        1], is **DENIED**;

2.      No Certificate of Appealability shall be issued; and

3.      This case is **CLOSED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 31st day of January, 2021.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:      All Counsel of Record; and

         Michael McGee
         M87150
         Sumter Correctional Institution
         Inmate Mail/Parcels
         9544 County Road 476B
         Bushnell, FL 33513
         *PRO SE*